UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TATE WINTER, | Case No. 22-CV-0410 (PJS/DTS) |
| Plaintiff, | |
| v. | ORDER |
| UCB INC., | |
| Defendant. | |

Tate Winter, pro se.

Cicely R. Miltich and Kathryn M. Nash, LATHROP GPM LLP; Ashley S. Kelly and Lindsey E. Hughes, ARNALL GOLDEN GREGORY LLP, for defendant.

Plaintiff Tate Winter was employed as a dermatology medical science liaison for defendant UCB Inc. ("UCB") from July 2019 until his termination in August 2021. Winter has sued UCB, asserting claims of racial and sexual discrimination, retaliation, and harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

This matter is before the Court on UCB's motion to compel arbitration and dismiss or, in the alternative, stay this action. Winter has not responded to the motion. Having reviewed UCB's submissions, the Court agrees that Winter's claims are subject to arbitration. Accordingly, UCB's motion is granted, and this case is stayed.

Winter signed an employment agreement with UCB on June 4, 2019. Coppage Decl. Ex. A ("Agmt."). The agreement, which is governed by Georgia law, Agmt. § 15, includes the following arbitration provision:

> If a dispute arises out of or relates to this Agreement or the breach, termination, or validity thereof, or the compensation, promotion, demotion, discipline, discharge, or terms and conditions of employment of the Employee, and if said dispute cannot be settled through direct discussions, the parties agree to settle the dispute by binding arbitration in accordance with the Employment Arbitration Rules and Mediation Procedures of the American Arbitration Association, under the Federal Arbitration Act, and judgment upon the award rendered by the arbitrator(s) may be entered and enforced in any court having jurisdiction thereof; and the Parties agree that such arbitration will take place in Cobb County, Georgia, under a single arbitrator; provided, however, that this Section shall not apply to claims or disputes involving the breach or alleged breach by Employee of any obligation set forth in Section 5 of this Agreement.

Agmt. § 12(a). Section 5 of the agreement contains confidentiality and non-solicitation covenants. Agmt. § 5.

UCB moves to compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq.[1] Under the FAA, "[a] court must grant a motion to compel

---

[1] Motions to compel arbitration may be asserted under either Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 56. *City of Benkelman v. Baseline Eng'g Corp.*, 867 F.3d 875, 881–82 (8th Cir. 2017). Because UCB has presented matters outside the pleadings—namely, the parties' employment contract and an accompanying declaration—the Court agrees with UCB that Rule 56 applies. *See* ECF No. 12 at 4 n.1

(continued...)

arbitration if a valid arbitration clause exists which encompasses the dispute between the parties." *3M Co. v. Amtex Sec., Inc.*, 542 F.3d 1193, 1198 (8th Cir. 2008).

The first issue, therefore, is whether the parties' arbitration agreement is valid. That issue, in turn, is governed by Georgia law. *GP3 II, LLC v. Litong Cap., LLC*, 35 F.4th 1124, 1127 (8th Cir. 2022) ("State contract law governs whether an arbitration agreement is valid." (citation and quotation marks omitted)); Agmt. § 15 (validity of agreement is governed by Georgia law). Under Georgia law, "[t]o constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate." Ga. Code Ann. § 13-3-1. Based on the evidence in the record, the Court finds that these criteria are met. Agmt. at 6 (agreement's signature page bearing signatures of both parties); *Burson v. Milton Hall Surgical Assocs.*, 806 S.E.2d 239, 246 (Ga. App. Ct. 2017) ("A contract that is intended to be signed by both parties, and so appears on its face, is complete when thus signed." (citation and quotation marks omitted)); *Jackson v. Cintas Corp.*, 425 F.3d 1313, 1318 (11th Cir. 2005) (under Georgia law, a promise to provide employment is adequate consideration for an arbitration agreement).

The next question, then, is whether the parties' dispute falls within the scope of the arbitration agreement. In this case, however, the parties agreed that their dispute

---

[1](...continued)
(UCB's opening brief contending that Rule 56 applies).

would be arbitrated under the Employment Arbitration Rules and Mediation Procedures of the American Arbitration Association ("AAA").  Agmt. § 12(a).  Section 6(a) of those Rules provides that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement."  AAA, *Employment Arbitration & Mediation Procedures* § 6(a) (2009), *available at* https://www.adr.org/sites/default/files/Employment-Rules-Web.pdf.  Accordingly, the issue of arbitrability is for the arbitrator.  *Cf. Fallo v. High-Tech Inst.*, 559 F.3d 874, 878 (8th Cir. 2009) (holding that similar language in the AAA's Commercial Rules constituted "a clear and unmistakable expression of the parties' intent to leave the question of arbitrability to an arbitrator").

As there is no dispute that the parties' agreement is valid, and as the question of whether the parties' dispute falls within the scope of the arbitration clause is for the arbitrator, the Court grants UCB's motion to compel arbitration.

The final question concerns whether to dismiss or, in the alternative, to stay this case.  "The FAA generally requires a federal district court to stay an action pending an arbitration, rather than to dismiss it."  *Green v. SuperShuttle Int'l, Inc.*, 653 F.3d 766, 769 (8th Cir. 2011) (citing 9 U.S.C. § 3).  Where "it is clear the entire controversy between the parties will be resolved by arbitration," however, district courts have discretion to dismiss the case.  *Sommerfeld v. Adesta, LLC*, 2 F.4th 758, 762 (8th Cir. 2021) (citation and

quotation marks omitted). Here, the issue of arbitrability is for the arbitrator to determine, and a stay is therefore appropriate. *See Obermiller Nelson Eng'g, Inc. v. River Towers Ass'n*, No. 21-CV-463 (JRT/TNL), 2021 WL 3711073, at *2 (D. Minn. Aug. 20, 2021) ("If the court finds that the parties committed questions of arbitrability to the arbitrator, then the FAA generally requires the court to stay an action pending arbitration instead of dismissing it."); *Indus. Steel Constr., Inc. v. Lunda Constr. Co.*, No. 3:20-CV-00070-JAJ-HCA, 2020 WL 8225436, at *5 (S.D. Iowa Nov. 5, 2020) ("if the arbitrability question belongs to the arbitrator, the court possesses no power to decide the arbitrability issue" and "the prerequisite for dismissal rather than a stay is not met").

ORDER

Based on the foregoing, and on all of the files and records herein, IT IS HEREBY ORDERED THAT:

1. Defendant's motion to compel arbitration and dismiss or, in the alternative, stay this action [ECF No. 10] is GRANTED.

2. This action is STAYED pending further order of the Court.

3. The parties are directed to promptly notify the Court upon:

    a. the completion of arbitration, or

    b. any other resolution of plaintiff's claims.

quotation marks omitted). Here, the issue of arbitrability is for the arbitrator to determine, and a stay is therefore appropriate. *See Obermiller Nelson Eng'g, Inc. v. River Towers Ass'n*, No. 21-CV-463 (JRT/TNL), 2021 WL 3711073, at *2 (D. Minn. Aug. 20, 2021) ("If the court finds that the parties committed questions of arbitrability to the arbitrator, then the FAA generally requires the court to stay an action pending arbitration instead of dismissing it."); *Indus. Steel Constr., Inc. v. Lunda Constr. Co.*, No. 3:20-CV-00070-JAJ-HCA, 2020 WL 8225436, at *5 (S.D. Iowa Nov. 5, 2020) ("if the arbitrability question belongs to the arbitrator, the court possesses no power to decide the arbitrability issue" and "the prerequisite for dismissal rather than a stay is not met").

ORDER

Based on the foregoing, and on all of the files and records herein, IT IS HEREBY ORDERED THAT:

1. Defendant's motion to compel arbitration and dismiss or, in the alternative, stay this action [ECF No. 10] is GRANTED.

2. This action is STAYED pending further order of the Court.

3. The parties are directed to promptly notify the Court upon:

    a. the completion of arbitration, or

    b. any other resolution of plaintiff's claims.

Dated:  July 5, 2022                              s/Patrick J. Schiltz
                                                              Patrick J. Schiltz
                                                              Chief Judge
                                                              United States District Court